# NO. 12-19-00041-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *YOERLAN SUAREZ-CORRALES,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Yoerlan Suarez-Corrales appeals his conviction for engaging in organized criminal activity.  Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Thereafter, Appellant filed a pro se brief.  We affirm.

## BACKGROUND

In July 2018, Tyler Police Department officers responded to a report that a credit card skimming device had been found on a gas pump.  During their investigation into the skimmer and others found in the Tyler area, the investigators installed hidden cameras where the skimmers were located, along with other video cameras at nearby locations to capture surveillance footage of the pumps.  During their investigation, the investigators observed three people, including Appellant, appearing to place and retrieve skimmers at multiple locations.  Officers also observed Appellant drive a car in which forty fraudulent and blank credit cards were discovered, along with a credit card encoder and other suspicious items at the time of his arrest.  Furthermore, security video footage from local stores showed Appellant and his codefendants using and scanning the fraudulent cards encoded with the victims' stolen identifying information from the skimmers to make various purchases.

Accordingly, the police arrested Appellant and his codefendants. Appellant was charged with engaging in organized criminal activity through his participation in a "combination" that committed the felony offense of fraudulent use or possession of identifying information.[1] Appellant pleaded "not guilty" to the offense. After a trial, the jury found Appellant "guilty" of the offense and sentenced him to imprisonment for life. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.[2] He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Appellant thereafter filed a pro se brief and raised the following issues: (1) trial counsel was ineffective in failing to object to his sentence as cruel, unusual, and excessive given his overall nonviolent criminal history and the resulting life sentence of imprisonment he received for this nonviolent offense; and (2) his appellate counsel was ineffective for neglecting to address trial counsel's inaction and failure to object and preserve error for his cruel, unusual, and excessive punishment claim. We also note that in his brief, Appellant acknowledges that the State presented overwhelming evidence of guilt.

When faced with an *Anders* brief and pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). As is our duty, we have conducted a full examination of the record to determine whether the appeal of this case is

---

[1] *See* TEX. PENAL CODE ANN. §§ 32.51(b), (c)(3) (West Supp. 2019); 71.02(a)(8), (b) (West Supp. 2019).

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

2

wholly frivolous, considered Appellant's issues, and were unable to find reversible error. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Bledsoe*, 178 S.W.3d at 826-27.

<u>CONCLUSION</u>

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and having found no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal of the trial court's judgment is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 18, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 18, 2020**

**NO. 12-19-00041-CR**

**YOERLAN SUAREZ-CORRALES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1659-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*